# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE
## OF FAIR LABOR STANDARDS ACT CLAIM

**THIS SETTLEMENT AGREEMENT AND RELEASE OF FAIR LABOR STANDARDS ACT CLAIM** (the "Settlement Agreement") is made and entered into this  30th  day of June 2022, by and between Steven Benjamin ("Plaintiff") and WASTE PRO OF FLORIDA, INC. ("Waste Pro Florida"). Plaintiff and Waste Pro Florida may be referred to herein individually as a "Party" and collectively as "the Parties."

### RECITALS:

A. **WHEREAS**, Plaintiff was employed by Waste Pro Florida as a Driver.

B. **WHEREAS**, on February 23, 2021, Plaintiff filed a Consent to Join Wage Claim in the case styled *Anthony Wright v. Waste Pro USA, Inc., Waste Pro of Florida, Inc.,* in the United States District Court for the Southern District of Florida, as Case No. 0:19-cv-62051-KMM ("*Wright*").

C. **WHEREAS,** on January 11, 2022, the Court in *Wright* entered an Order granting Defendants' Motion to Decertify Collective Action, which dismissed Plaintiff's claim and required that he refile an individual lawsuit.

D. **WHEREAS**, on February 8, 2022, Plaintiff filed his own lawsuit, individually asserting the same claims for unpaid overtime as alleged in *Wright* against Waste Pro Florida in the case styled *Steve Benjamin v. Waste Pro of Florida, Inc.,* in the United States District Court for the Middle District of Florida, as Case No. 6:22-cv-00282-RBD-DCI ("Action").

E. **WHEREAS**, on June 22, 2022, Plaintiff accepted Waste Pro's negotiated settlement.

F. **WHEREAS**, on June 22, 2022, Plaintiff filed a Notice of Settlement.

G.  **WHEREAS**, the Parties herein memorialize the resolution of Plaintiff's claims for unpaid wages and liquidated damages under the FLSA for the time period in which Plaintiff was employed as a Driver by Waste Pro Florida.

**AGREEMENT:**

**NOW, THEREFORE**, for and in consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and accepted, the Parties agree as follows:

1.  **Recitals.**   The foregoing recitals are true and correct and are hereby incorporated into this Settlement Agreement.

2.  **Settlement of Disputed Claims.**  The Parties acknowledge and agree that this Settlement Agreement is given in compromise of a disputed claim and any payment made hereunder shall not be construed as an admission of liability by any current or previous defendant in the Action. Without admitting any wrongdoing or liability, the Parties to this Agreement desire to amicably resolve all disputes between them arising from or related to Plaintiff's FLSA claim, including without limitation disputes related to damages, interest, attorneys' fees and costs asserted by Plaintiff in the Action.

3.  **Settlement Payment.**  In consideration for the release set forth herein, Waste Pro Florida shall make a settlement payment of **Ten Thousand Dollars and No Cents ($10,00.00)** to Plaintiff, as payment for all unpaid wages sought by Plaintiff in his FLSA claim in the Action. Waste Pro Florida shall make the Settlement Payment to Plaintiff's counsel within ten (10) days of entry of the Court's Order Approving Settlement Agreement and Dismissing Plaintiff with Prejudice in the Action and Defendant receiving a W-9 from Plaintiff.

4.  **FLSA Release.**  Except for the obligations and performances due under this Agreement, Plaintiff hereby releases, acquits, satisfies, and

2

forever discharges Waste Pro Florida from the FLSA claim that was asserted in the Action. Plaintiff further releases, acquits, satisfies, and forever discharges Waste Pro Florida from any claims for unpaid wages under the FLSA during the time period at issue in the Action accruing at any time prior to the execution of this Settlement Agreement.

5. **Attorneys' Fees and Costs.** The amount of attorneys' fees and costs was not resolved through this Settlement Agreement. Plaintiff's counsel shall petition the Court separately for an award of fees and costs. Defendant reserves any and all rights to object to the request for fees and costs.

6. **Acknowledgment.** The Parties represent and acknowledge that they have read this Agreement and have executed the same after first conferring with counsel and that they have not in any way relied upon any promise or representation of the other Party, or the other Party's counsel, in making this Agreement.

7. **Corporate Authority.** To the extent applicable, the representative(s) of Waste Pro Florida designated below warrant that he/she has the authority to execute this Agreement on behalf of the respective Party and its officers and/or directors, and with the intent that the Party be bound to the terms and conditions set forth herein. This Agreement shall be binding upon the Parties, their successors and assigns.

8. **Facsimile and Counterparts.** This Agreement may be signed in counterpart and shall become binding once all the Parties have affixed their signatures hereto. For purposes of enforcement of this Agreement, a signed copy by facsimile transmission shall be binding upon all parties as an original.

9. **Joint Authorship.** This Settlement Agreement shall be deemed to have been drafted jointly by the Parties. Accordingly, any rule of construction to the effect that ambiguities are to be resolved against the drafting party, shall not apply to the interpretation of this Settlement

of construction to the effect that ambiguities are to be resolved against the drafting party, shall not apply to the interpretation of this Settlement Agreement or to any modification of or amendment to this Settlement Agreement.

10. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties on the subject matter hereof and supersedes all prior written and/or verbal agreements between them on the subject matter thereof.

11. **Choice of Law.** This Agreement shall be governed by the laws of the State of Florida, without regard to choice of law rules.

12. **Severability.** To the extent that any provision contained herein, or any portion of any provision contained herein, is deemed unlawful or unenforceable, that provision, or portion of a provision, shall be deemed severable from the remainder of this Agreement, and all other terms and conditions of this Agreement shall be given full force and effect.

13. **Separability.** Each and every covenant and agreement herein shall be separate and independent from any other and the breach of any covenant or agreement shall in no way or manner discharge or relieve the performance of any other covenant or agreement.

_____
Steve Benjamin

6/30/2022
_____
Date:

_E. Ralph Mills_
_____
WASTE PRO OF FLORIDA, INC.
By: Ralph Mills
Its: Regional Vice President
Date: June 30, 2022

4